UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| F.C. BLOXOM COMPANY, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>EMERALD CITY PRE-PACK, INC., a Washington corporation; FREDERICK A. HAMILTON, a/k/a FREDERICK A. GUEVERA, an individual; JAMES D. HAMILTON, an individual; IMELDA R. HAMILTON, an individual; and the marital community of JAMES D. HAMILTON AND IMELDA R. HAMILTON,<br><br>Defendants. | CASE NO. C09-5307BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiff's Motion for a Temporary Restraining Order (Dkt. 2). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

Plaintiff, in the Declaration of Jeffrey Hawes (Dkt. 2-2) and the Declaration of William F. Bloxom (Dkt. 2-3), has submitted sufficient specific facts to show that immediate, irreparable injury and loss will result from further dissipation of assets subject to the statutory trust required by the Perishable Agriculture Commodities Act, 7 U.S.C. §

ORDER - 1

499e(c) ("PACA"). Plaintiff has also submitted a Certification of Counsel as to Why Notice Should not be Given Pursuant to FRCP 65(b) (Dkt. 1-4) in which Plaintiff's counsel, Grant E. Courtney, claims that if notice was given to Defendants before a temporary restraining order issued, then Defendants would have good reason to dissipate all of their available assets.

Therefore, it is hereby **ORDERED** that:

1. Defendant Emerald City Pre-Pack, Inc. ("ECPP") and its agents, servants, employees, and attorneys, and the other named Defendants, are all hereby enjoined and restrained from dissipating, paying, transferring, assigning, selling and/or disbursing any and all assets covered by or subject to the trust provisions of PACA without agreement of Plaintiff, or until further order of this Court.

2. Under 7 U.S.C. § 499e(c)(2) of PACA, the assets subject to this order include all of the assets of ECPP, unless ECPP can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food, or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products. Provided, however, that ECPP may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without right of set-off, on the condition that ECPP maintains the proceeds of such sale subject to this Order.

3. Plaintiff shall immediately serve Defendants, or their registered agent, or their counsel, a copy of this Order by personal service, including by facsimile transmission, electronic messaging, and overnight mail.

4. As the submitted specific facts claim that Defendants already have possession of no less than $41,923.95 in amounts owed to Plaintiff, it is determined that no bond shall be required.

5. Based on the facts before the Court, this is a circumstance that warrants the issuance of a temporary restraining order without notice to Defendants.

This order shall expire on June 11, 2009, or as otherwise ordered by the Court.

DATED this 27th day of May, 2009.

                                                    /s/ Benjamin H. Settle
                                                  BENJAMIN H. SETTLE
                                                  United States District Judge

ORDER - 3